## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Casey Stapp,

                Plaintiff,

                          Case No. 5:22-cv-11478

v.

                          Judith E. Levy

Deputy Warden Godfrey, *et al.*,    United States District Judge

                Respondents.

_____/

## OPINION AND ORDER SUMMARILY
## <u>DISMISSING THE CIVIL RIGHTS COMPLAINT [1]</u>

Michigan prisoner Casey Stapp, currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 related to conditions of his confinement while he was imprisoned at Woodland Correctional Facility. (ECF No. 1.) Plaintiff is suing Melissa Godfrey who is a Deputy Warden, and Officer Guse, a corrections officer at Woodland Correctional Facility. Because none of Plaintiff's allegations state a claim upon which relief may be granted, the case is dismissed in its entirety.

Plaintiff was granted permission to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (B) the action or appeal--
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

*Id.*

A case is frivolous if it lacks an arguable basis either in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts screening cases will accord slightly more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

3

Plaintiff alleges in his complaint that Defendant Guse intentionally destroyed Plaintiff's property in his cell at Woodland Center Correctional Facility. The damaged property includes a television, clothing, and store items, as well as pictures of and letters from Plaintiff's late grandmother. Plaintiff also alleges that Defendant Guse also verbally harassed him, causing him emotional distress and/or mental anguish. Plaintiff alleges that Defendant Godfrey, the deputy warden, failed to conduct an investigation to resolve the issue about the destruction of his property and he also failed to replace the damaged items. Plaintiff seeks monetary damages. He also asks this Court to order prison staff not to retaliate against him for filing this lawsuit. Plaintiff's complaint fails to state a claim for relief for the following reasons.

Plaintiff argues that Defendants Guse and Godfrey's treatment violated his Eighth Amendment rights: (1) to be free from cruel and unusual punishment, (2) when Defendants acted with deliberate indifference, and (3) when Defendants acted in a manner equivalent to torture and staff corruption. (ECF No. 1, PageID.3.)

The Eighth Amendment is "primarily concerned... with proscribing 'tortures' and other 'barbarous' methods of punishment." *Gregg v.*

*Georgia*, 428 U.S. 153, 170 (1976). The clause forbidding "cruel and unusual punishments" is "not fastened to the obsolete but may acquire meaning as public opinion becomes enlightened by a humane justice." *Id.* at 171. To state this type of Eighth Amendment claim, a prisoner must allege that they were denied "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Examples of life's necessities include "essential food, medical care, or sanitation." *Id.* Second, prisoners must allege that the denial was due to "deliberate indifference" by prison personnel. *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991). Accordingly, a plaintiff must set forth both objective and subjective components to maintain a claim under the Eighth Amendment.

Plaintiff's argument that his property was intentionally destroyed while he was imprisoned and that the prison officials did not properly investigate the destruction is not an issue of "life's necessities" such as "essential food, medical care, or sanitation." *Rhodes*, 452 U.S. at 347. He has not sufficiently plead the objective prong of the Eighth Amendment in his compliant. This is not to say that Plaintiff's allegations are unimportant. However, the destruction of Plaintiff's property is not

actionable as a violation of the Constitution's prohibition on cruel and unusual punishment. For this reason, this claim does not survive screening under 28 U.S.C. § 1915(e)(2)(B).

Although Plaintiff does not cite to the Due Process Clause of the Fourteenth Amendment, the Court liberally construes his *pro se* complaint to include a due process claim. The unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment so long as a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bass v. Robinson*, 167 F.3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). If a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his state remedies, the case should be dismissed. *See Bass,* 167 F.3d at 1050.

Plaintiff has not shown that the remedies in Michigan are inadequate for him to obtain compensation for his loss, nor does he indicate that he has attempted to obtain relief from any court or tribunal

in Michigan. "State tort remedies generally satisfy the post[-]deprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Because Plaintiff has not shown the inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

Michigan has several post-deprivation remedies, including Michigan Court Rule 3.105, which allows for an action for claim and delivery of the property, Mich. Comp. Laws § 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and Mich. Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) ("[R]edress for most prisoner actions, including alleged constitutional violations, is available under the extensive process provided by Michigan state law. Michigan provides several adequate post-deprivation remedies, including Michigan Court Rule 3.105 that allows an action for claim and deliver, Mich. Comp. Laws § 600.2920 that provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained, and Mich.

7

Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials.")

Michigan provides Plaintiff with adequate post-deprivation remedies for the loss of his property. Thus, the alleged unauthorized destruction of Plaintiff's property does not constitute a violation of due process. *See Keenan v. Marker,* 23 F. App'x 405, 407 (6th Cir. 2001).

Next, Plaintiff's claim that Defendant Guse verbally harassed him fails to state a claim for relief. Allegations of verbal abuse and harassment by a prison official towards an inmate do not constitute cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution and are therefore insufficient to state a claim under 42 U.S.C. § 1983. *Ivey v. Wilson,* 832 F.2d 950, 954–55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corr.,* 746 F. Supp. 662, 667 (E.D. Mich. 1990). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. *See Miller v. Wertanen,* 109 F. App'x 64, 65 (6th Cir. 2004). A verbal threat is actionable under § 1983 only if it amounts to assault, results in physical harm, or is part of a pattern of unnecessary and wanton abuse. *See Guzinski v. Hasselbach,*

920 F. Supp. 762, 764, n. 1 (E.D. Mich. 1996) (internal citation omitted). Plaintiff does not allege that he was physically assaulted by Defendant Guse, thus, his claim that Guse verbally harassed him must be dismissed.

Plaintiff also alleges that he suffered from emotional distress. However, Plaintiff is not entitled to relief on his claim that the Defendants' actions or omissions caused him emotional distress. 42 U.S.C. § 1997e(e) states:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e) precludes claims for emotional injury without any prior physical injury, regardless of the statutory or constitutional basis of the legal wrong. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Plaintiff does not allege any physical injury and accordingly, he is not entitled to damages for emotional distress.

Plaintiff also asks this Court to enjoin prison officials from retaliating against him for filing this lawsuit.

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action

was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). However, "[c]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state ... a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)).

To establish standing to bring a lawsuit, a plaintiff must allege an "injury in fact" that it is both "concrete and particularized" and is "actual or imminent." *Barden Detroit Casino, L.L.C. v. City of Detroit*, 230 F.3d 848, 854 (6th Cir. 2000). Plaintiff merely speculates that unidentified prison employees might retaliate against him in the future for bringing this lawsuit. These speculative allegations of future retaliation do not establish an injury in fact necessary to maintain a cause of action. *See Ely v. Campbell*, 8 F. App'x 472, 473 (6th Cir. 2001). Plaintiff has not adequately plead this claim.

The Court summarily dismisses the complaint for failing to state a claim upon which relief can be granted. Because the complaint lacks any

10

arguable basis in the law, this Court certifies that any appeal by plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

Accordingly, the Court dismisses Plaintiff's complaint (ECF No. 1) with prejudice for failing to state a claim upon which relief can be granted. It is further ordered and certified by the Court that any appeal taken by Plaintiff would not be taken in good faith. This decision does not affect Plaintiff's right to seek any available remedies under Michigan state law, as appropriate.

IT IS SO ORDERED.

Dated: July 11, 2023                   s/Judith E. Levy
     Ann Arbor, Michigan        JUDITH E. LEVY
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2023.

                               s/William Barkholz
                               WILLIAM BARKHOLZ
                               Case Manager